# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| W.T. CORTEZ LAKES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12CV621 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Movant's motion to amend or correct his sentence is before the Court upon transfer of the motion from movant's criminal case. Movant is an inmate at the Allenwood United States Penitentiary in White Deer, Pennsylvania. For the reasons set forth below, the Court will grant movant thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion, or to consent to the Court's reclassification of the motion as one brought under 28 U.S.C. § 2255.

### Background

On December 14, 2010, movant pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On September 9, 2011, the Honorable Audrey G. Fleissig sentenced movant to 102 months' imprisonment and three years of supervised release. See U.S. v. Cortez Lakes, 4:10CR412 AGF (E.D. Mo.).

Movant failed to appeal his conviction. To date, movant has not filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

## Motion to Amend or Correct Sentence
## Filed in Movant's Criminal Case

In his motion to amend or correct sentence, movant appears to be alleging an ineffective assistance of counsel claim, asserting that the enhancement effect of his prior convictions, as discussed in the presentence investigation report, was never properly explained to him prior to sentencing. Accordingly, movant asserts that his plea was unknowing and involuntary. Movant claims that it was error to apply the sentencing enhancement argued for by the government, and he seeks resentencing without the enhancement effect of his prior convictions.

## Discussion

Before reclassifying the instant petition as a § 2255 habeas corpus action, this Court must afford movant the opportunity either to withdraw the motion to amend or correct sentence or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255. See Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would

simply have reclassified the instant action as arising under 28 U.S.C. § 2255.

However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive movant of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. Thus, if the Court reclassifies the instant action under § 2255, movant's subsequent filing of a § 2255 motion could be dismissed as second or successive.[1] Cf. Morales, 304 F.3d at 765. Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer movant an opportunity either to withdraw his motion or to consent to the Court's reclassification of the motion as a motion to vacate brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion to amend or correct sentence or to consent to the Court's reclassification of the

---

[1] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

motion as one brought pursuant 28 U.S.C. § 2255.  Movant shall advise the Court of his choice, in writing.

**IT IS FURTHER ORDERED** that of movant decides to pursue this action under 28 U.S.C. § 2255, he shall file an amended motion to vacate on a court-provided form within thirty (30) days of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Dated this 10th day of April, 2012.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE